MARY E. SULLIVAN, complainant,

v.

SECURITIES COMPANY OF THE ORANGES, a corporation of New Jersey, et al., defendants.

[Decided May 10th, 1933.]

*Mr. Daniel A. Dugan,* for the complainant.

*Mr. John A. McKenna,* for the West Orange Trust Company in liquidation by William H. Kelly, &c.

STEIN, V. C.

The bill of complaint is brought to foreclose a mortgage given by the Securities Company of the Oranges, held by the complainant, for $45,000 on property in the town of West Orange, a portion of which is owned by the West Orange Trust Company. The defendant West Orange Trust Company, in liquidation by William H. Kelly, commissioner of banking and insurance, in its answer sets up a release of part of the mortgaged premises. Complainant's proof is that there is due for the principal on her mortgage the sum of $44,000, plus interest to date of $3,890. The only proof before me of the alleged release is a certified copy of the record thereof. The release of mortgage covers premises of greater value than the remaining portion of the mortgaged premises. The release recites the consideration of $1 and purports to be acknowledged before M. D. Hayward, notary public, August 15th, 1929. Hayward is dead. The complainant denies that she was ever requested to, or did, execute this release. Walter D. Van Riper, who was, at the time of the supposed execution

of the release, the president of the West Orange Trust Company, as well as the president of the Securities Company of the Oranges, testified that he, too, had no knowledge concerning the execution of the release and that he never saw the original. He recalls that there was a discussion concerning the release and says that a search in his office by himself and others in his employ resulted in a failure to find the original document. Alexander Kranke, in charge of the West Orange Trust Company for the commissioner of banking and insurance, examined the records of the bank in search of the release in vain. Roger A. Williams, secretary and treasurer of the securities company, testified to like effect.

The legal inference to be drawn from this testimony leads me to the conclusion that the signature of the complainant to the release of record was forged.

There will be a decree for the complainant for principal and interest in the sum of $47,890.